UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JASON MACLENNAN, | ) | CASE NO. 4:07 CV 2133 |
| | ) | |
| Plaintiff, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| BUREAU OF PRISONS, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On July 17, 2007 pro se plaintiff Jason Maclennan filed this Bivens[1] action against the Bureau of Prisons ("BOP"), Elkton Federal Correctional Institution ("FCI-Elkton") Warden T.R. Sniezek, BOP Director J.T. Shartle, FCI-Elkton Physician Dr. P. Harvey, Mr. E. Harrison, Mr. B.K. Sasser, Mr. N.K. Kendig, the Department of Justice, former United States Attorney General Alberto Gonzales, President of the United States George W. Bush, the Canadian Consulate General, Ms. Sharon Simpson, Ms. Nancy Collins, Canadian Foreign Affairs, the Johnston County North Carolina Detention Center, Mr. Steve Bissell, Ms. Strickland, Mr. M. Benson, Southern Health Care, Mr. Thomas Alex, the Wake County North Carolina Detention Center, and Mr. D. Harrison.

---

[1] Bivens v. Six Unknown Agents, 403 U.S. 383 (1971). While plaintiff cites 42 U.S.C. § 1983, that section is clearly inapplicable, as there is no allegation of action under color of state law.

In the complaint, plaintiff alleges that he is unable to obtain quality health care treatment for his medical condition.  Mr. Maclennan filed an Amended Complaint on September 10, 2007, expounding on the claim in his original pleading.  He seeks a reduction in his sentence or compassionate release, an order to be placed under the care of a trained HIV specialist, and $3,000,000.00 in damages.

**Background**

Mr. Maclennan, a Canadian citizen, claims he was diagnosed with HIV in 1987.  He indicates he was held in the custody of the United States Marshal on pending federal criminal charges in Wake County, North Carolina in March 2005.  From March 2005 until March 14, 2006, Mr. Maclennan was transferred to several detention centers in North Carolina and Oklahoma.  He claims he was subjected to overcrowded conditions and did not receive regular HIV treatments.  In May 2005, he began to experience symptoms of advancing HIV and at the prompting of the Canadian Consulate, he was referred to the University of North Carolina Hospital for treatment.  He indicates that Dr. Phillips-Sutherland prescribed various medications and told him that a follow-up appointment would be needed to monitor medications.  He contends that he received these medications but to date has not been given a follow-up appointment with "a trained and experienced specialist who specializes in HIV."  (Am. Compl. at 5.)

Mr. Maclennan was then transferred from North Carolina to the Federal Transfer Center in Oklahoma and then to FCI-Elkton.  He indicates that during each transport, he was without his medication for approximately 3 days.  He indicates that since his arrival at FCI-Elkton on March 14, 2006, he has been under the care of general practitioner Dr. Harvey.  He states that Dr. Harvey lacks the experience as an HIV specialist to provide him with the best available medical

care. He claims that on two occasions, he missed doses of medication, and at one point Dr. Harvey prescribed medication which should not be mixed with HIV medications. He contends that his symptoms have become more prevalent, and Dr. Harvey lacks the experience to treat him. He states that although Dr. Harvey has monitored his situation and provided medications as prescribed by Dr. Sutherland, Dr. Harvey has suggested on several occasions that he could do nothing more for Mr. Maclennan or that he simply did not know what else could be done. He continues to insist that he should be under the care of an HIV specialist and requests that he be permitted to return to Canada to obtain treatment. He claims the defendants refusal to grant this request is a violation of the Eighth Amendment.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

---

[2] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

**Parties**

As an initial matter, the Court notes that of the twenty-two defendants, only BOP Director Shartle, the Canadian Consulate General, FCI-Elkton Physician Dr. Harvey, the Johnston County Detention Center and the Wake County Detention Center are mentioned in the complaint. The other defendants are simply listed in the caption of the complaint. Mr. Maclennan cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. Rizzo v. Goode, 423 U.S. 362, 371 (1976); Mullins v. Hainesworth, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). The complaint simply contains no facts which reasonably associate T.R. Sniezek, Mr. E. Harrison, Mr. B.K. Sasser, Mr. N.K. Kendig, the Department of Justice, former United States Attorney General Alberto Gonzales, President of the United States George W. Bush, Ms. Sharon Simpson, Ms. Nancy Collins, Canadian Foreign Affairs, Mr. Steve Bissell, Ms. Strickland, Mr. M. Benson, Southern Health Care, Mr. Thomas Alex or Mr. D. Harrison to any of the claims set forth by plaintiff and they are dismissed from this action.

Furthermore, the Johnston County Detention Center and the Wake County Detention Center are not subject to the jurisdiction of this court. Both of these defendants are residents of the State of North Carolina and, because all the conduct giving rise to the claims against them occurred in North Carolina, they have no connection to the State of Ohio. To establish personal jurisdiction, a plaintiff must show that (1) the defendant had "minimum contacts with the forum state such that defendant should reasonably anticipate being haled into court there, " and (2) " the exercise of jurisdiction comports with traditional notions of fair play and substantial justice." Fortis Corporate Ins. v. Viken Ship Management, 450 F.3d 214, 218 (6th Cir. 2006). The constitutional standard of

personal jurisdiction focuses on whether the defendant purposefully established minimum contacts in the forum state. Id. In the Sixth Circuit, the emphasis in this inquiry is on whether the defendant has engaged in some overt actions connecting the defendant with the forum state. Id. There is no reasonable indication that any of these North Carolina defendants purposefully established contact with the State of Ohio.

In addition, this court lacks subject matter jurisdiction over the Canadian government. The Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1604, provides the exclusive means by which a foreign state may be sued in a United States federal court. Forsythe v. Saudi Arabian Airlines Corp., 885 F.2d 285 (5th Cir. 1989). Under the FSIA, a foreign state is immune from suit and the district court lacks jurisdiction unless one of the specific exceptions contained in the Act applies.[3] Id. Plaintiff fails to set forth any facts suggesting his claims are

---

[3] 28 U.S.C. § 1605 provides exceptions to the immunity given to a foreign state in any case:

  (1) in which the foreign state has waived its immunity....
  (2) in which the action is based upon a commercial activity carried on in the United States....
  (3) in which rights in property taken in violation of international law are in issue and that property...is present in the United States...
  (4) in which rights in property in the United States acquired by succession or gift or rights in immovable property situated in the United States are in issue;
  (5) in which money damages are sought against a foreign state for personal injury or death, or damage to or loss of property, occurring in the United States...
  (6) to enforce an agreement made by the foreign state...to submit to arbitration all or any differences which have arisen...with respect to a defined legal relationship...
  (7) in which money damages are sought against a foreign state for personal injury or death that was caused by an act of torture, extrajudicial killing, aircraft sabotage, hostage taking, or the provision of material support or resources...

covered by one of these exceptions.

Similarly, the United States, as a sovereign, cannot be sued without its prior consent, and the terms of its consent define the court's subject matter jurisdiction. McGinness v. United States, 90 F.3d 143, 145 (6th Cir. 1996).  This immunity extends to its agencies and its employees sued in their official capacities.  A waiver of sovereign immunity must be strictly construed, unequivocally expressed, and cannot be implied.  United States v. King, 395 U.S. 1,4 (1969); Soriano v. United States000, 352 U.S. 270, 276 (1957).  Even liberally construing the pleading, there is not a sufficient indication that the United States waived its sovereign immunity with respect to plaintiff's claims against the BOP or its Director J.T. Shartle in his official capacity.  See Name.Space, Inc. v. Network Solutions, Inc., 202 F.3d 573, 581 (2d Cir. 2000)(finding that agencies, instrumentalities, and officers of the federal government cannot be sued under antitrust laws); Berger v. Pierce, 933 F.2d 393, 397 (6th Cir.1991)(stating that a Bivens claim cannot be asserted against the United States government or its employees in their official capacities).

**Eighth Amendment**

Finally, the claim against Dr. Harvey under the Eighth Amendment must be dismissed.  Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities."  Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  To state a claim under the Eighth Amendment, a plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred.  Id.  Seriousness is measured in response to "contemporary standards of decency."  Hudson v. McMilian, 503 U.S. 1,8 (1992).  Routine discomforts of prison life do not suffice.  Id.  Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment.

Id. at 9.  A plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind.  Id.  A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met.  Farmer v. Brennan, 511 U.S. 825, 834 (1994).

When the plaintiff asserts a claim for inadequate medical care under the Eighth Amendment, plaintiff must satisfy that subjective component of the analysis by demonstrating that the defendants acted with deliberate indifference to his serious medical needs.  Farmer v. Brennan, 511 U.S. 825, 835 (1994).  An official acts with deliberate indifference when "he acts with criminal recklessness," a state of mind that requires that the official act with conscious disregard of a substantial risk of serious harm.  Id. at 837.  Mere negligence will not suffice.  Id. at 835-36.  Consequently, allegations of medical malpractice, negligent diagnosis, or negligent treatment fail to state an Eighth Amendment claim.  Moreover, where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."  Westlake v. Lucas, 537 F.2d 857, 860 n. 5. (6th Cir. 1976).

Mr. Maclennan is not contending that Dr. Harvey was deliberately indifferent to his HIV condition.  Rather, he asserts that Dr. Harvey is not an HIV specialist and concludes therefore that he could be receiving better medical care if he were permitted to obtain the services of an HIV specialist in his native country of Canada.  That, however, is not the standard for relief under the Eighth Amendment.  Mr. Maclennan has not suggested that Dr. Harvey has deprived him of care or that the physician acted with deliberate indifference to his condition.  Mr. Maclennan's Eighth Amendment claim must be dismissed.

**Conclusion**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]

IT IS SO ORDERED.

        s/Peter C. Economus - 10/11/07
        PETER C. ECONOMUS
        UNITED STATES DISTRICT JUDGE

---

[4] 28 U.S.C. § 1915(a)(3) provides, in pertinent part:

    An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.